

**ORDERED in the Southern District of Florida on September 24, 2015.**

A. Jay Cristol, Judge
United States Bankruptcy Court
_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:                                                                  CASE NUMBER: 14-33678-AJC
                                                                        CHAPTER 13

**Hernan Cortez**
**Mirna Contreras**

   Debtors,
_____/

**AGREED ORDER GRANTING DEBTORS' MOTION TO VALUATION AND DETERMINE SECURED STATUS OF LIEN ON REAL PROPERTY**
(*re:* 2312 NW 57th Street, Miami, Florida 33142)

THIS CAUSE, came before the Court without hearing upon the *Debtors' Renewed Motion to Valuation and Determine Secured Status of Lien on Real Property* (DE 58). Based upon agreement of the parties and having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

1

A. The value of the debtors' real property (the "**Real Property**") located at 2312 NW 57th Street, Miami, Florida 33142, and more particularly described as

> **LOT 1, BLOCK 2. HIGHLAND PARK, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 17 AT PAGE 5, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY. FLORIDA**

is valued at $115,500.00 at an interest rate of 5.25%, for the purpose of distribution under the Debtors' Chapter 13 Plan.

B. The amount provided in paragraph A after interest shall be paid in monthly installments of $1,504.92 during months 1-10, and $2,330.47 per month from months 11-60.

C. Debtor shall provide proof of insurance on the property to the Creditor within 45 days of this order

D. Debtor's property taxes and insurance on this property shall be paid direct to the taxing authority and insurance carrier direct outside the Chapter 13 plan. .

E. Creditor shall retain its lien for the full contractual amount due under the subject loan in the event of either the dismissal of the Debtors' Chapter 13 case or the conversion of the Debtor's Chapter 13 case to any other Chapter under the United States Bankruptcy Code.

F. The total of all claims secured by liens on the Real Property senior to the lien of Secured Creditor is $0.

G. The equity remaining in the Real Property after payment of all claims secured by liens senior to the lien of Secured Creditor is $115,500.00 and Secured Creditor has a secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1. The Motion is **GRANTED**.

2. Secured Creditor has an allowed secured claim in the amount of $115,500.00.

3. Secured Creditor filed a proof of claim in this case (**Claim #3**). It shall be classified as a secured claim in the amount provided in paragraph 2, above.

4. The Real Property may not be sold or refinanced without proper notice and

further order of the Court.

     5.    Notwithstanding the foregoing, this Order is not recordable or enforceable until the debtors receive a discharge in this chapter 13 case.

###

Submitted By:
Daniel M. Keil, Esq.
6500 Cowpen Road, Suite 301
Miami Lakes, Florida 33014

Attorney, Daniel M. Keil, is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.

**Copies furnished to:**

Debtor, Hernan Cortez, 6500 Cowpen Road, Suite #301, Miami Lakes, Florida 33014

Jon Callens/ Van Ness Law Firm, PLC, 1239 E. Newport Center Drive Suite #110, Deerfield Beach, Florida 33442;

Nancy K. Neidich, POB 279806, Miramar, FL 33027; and

Office of the US Trustee, 51 S.W. 1st Ave., Suite 1204, Miami, FL 33130.